UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| PALOMA CZWPIESKI<br><br>Plaintiff,<br><br>v.<br><br>United Seating and Mobility LLC, a foreign liability company doing business as NUMOTION; and DEBORA UNVERZAGT, an individual<br><br>Defendants. | Case No. 19CV23082<br><br>**DEFENDANT UNITED SEATING & MOBILITY, LLC D/B/A NUMOTION'S NOTICE OF REMOVAL** |

### NOTICE OF REMOVAL

Defendants United Seating and Mobility, L.L.C. d/b/a Numotion ("Numotion"), hereby give notice of the removal of the above-styled action to the United States District Court for the District of Oregon, Portland Division.

Pursuant to 28 § U.S.C. 1446(a), copies of all the process, pleadings, and orders served upon Defendants and contained in the Multnomah County Circuit Court file, as of August 9, 2019, are attached as **Exhibit A**.

As grounds for removal, Numotion states as follows:

### BACKGROUND

1.     Plaintiff Paloma Czwpieski initiated this action on May 23, 2019, by filing her Complaint in the Circuit Court of the State of Oregon for the County of Multnomah.

2.     According to the Complaint, Plaintiff Paloma Czwpieski injured her right foot in February of 2019, while using a wheelchair loaned to her by Numotion, because the "joy stick

PAGE 1 - **DEFENDANT UNITED SEATING & MOBILITY, LLC D/B/A NUMOTION'S NOTICE OF REMOVAL**

off the chair, causing the wheelchair to lose control and spin around the right." Complaint at ¶¶ 6-7.

3.    Based on these allegations, Plaintiff asserts claims against Numotion for negligence. Complaint at ¶ 8. Plaintiff also alleges that Debora Unverzagt negligently: (a) failed to ensure service personnel received proper training; (b) failed to ensure regular inspections of powered wheelchairs; and (c) hired or retained individuals who lacked expertise or experience. *Id.* at ¶ 9. Plaintiff seek damages for current economic damages and expenses, future economic damages and expenses, and non-economic damages incurred due to the accident. *Id.* at ¶ 12. Plaintiff also plans to later amend her Complaint to add punitive damages. *Id.* at ¶ 13.

GROUNDS FOR REMOVAL

4.    This removal is based on diversity of citizenship.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of a different state than Numotion and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.    Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

6.    If a defendant is fraudulently joined, they will not defeat diversity for purposes of removal. *See Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) (citing *McCabe v. General Foods Corp.,* 811 F.2d 1336, 1339 (9th Cir. 1987)). "A district court may disregard a non-diverse party named in the state court complaint and retain jurisdiction if joinder of the non-

PAGE 2 – **DEFENDANT UNITED SEATING &**
        **MOBILITY, LLC D/B/A NUMOTION'S**
        **NOTICE OF REMOVAL**

diverse party is a sham or fraudulent." *DaCosta v. Novartis AG*, 180 F. Supp. 2d 1178, 1180 (D. Or. 2001) (*Plute v. Roadway Package System, Inc.*, 141 F.Supp.2d 1005, 1008 (N.D.Cal. 2001)). In the Ninth Circuit, if "the plaintiff fails to state a cause of action against the resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Morris*, 236 F.3d at 1067.

7.    To demonstrate that a non-diverse defendant has been fraudulently joined, the removing defendant "is entitled to present the facts showing the joinder to be fraudulent." *DaCosta*, 180 F. Supp. 2d at 1181.

<u>THE PARTIES' CITIZENSHIP</u>

8.    Upon information and belief, at all relevant times, including the time of filing the Complaint and the time of removal, Plaintiff was a resident and citizen of the State of Oregon.

9.    At all relevant times, including the time of filing the Complaint and the time of removal, Defendant Numotion was and is a limited liability company organized under the laws of the State of Missouri with its principal place of business being in Tennessee.  Numotion's sole member, NMN Holdings III, Corp., was and is a Delaware corporation with its principal place of business in Tennessee. Thus, Numotion is a citizen of Delaware and Tennessee. *See* 28 U.S.C. § 1332(c)(1); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 900 (9th Cir. 2006) (holding that an LLC has the citizenship of each of its members); *Classic Business Group v. Preim*, 3:17-CV-01710-SI, 2017 WL 4927669, at *1 n.1 (D. Or. Oct. 31, 2017) (holding that the citizenship of a limited liability company is based on the "citizenship of each of its members, not its place of incorporation or its principal place of business.").

10.    Defendant Debbie Unverzagt, at all relevant times, was a resident and citizen of Oregon. However, Unverzagt has been fraudulently joined, and thus, her citizenship is due to be

disregarded for jurisdictional purposes. Plaintiff alleges that Unverzagt was negligent in "ensuring that service personnel received proper training," "ensuring that regular inspections of powered wheelchairs were performed," and "hiring or retaining individuals who lacked the necessary expertise." Although previously responsible for oversight of the service department, beginning sometime in 2016, the branch manager position, which was held by Unverzagt in Numotion's Tualatin office, had no responsibilities over, control of, or oversight of Numotion's service technicians or the work they performed. *See Affidavit of Debbie Unverzagt*, attached as **Exhibit B**, at ¶¶ 2-9. Instead, the responsibility for service operations and personnel fell upon the regional service manager, who has not been named in this lawsuit. *Id.* at ¶ 10. Because this cause of action arose in 2019, well after Unverzagt relinquished any responsibilities over service operations and personnel, Unverzagt cannot be held responsible as a matter of law.

11.     Further, Oregon has a two-year statute of limitations for personal injury claims not arising from contract. Or. Rev. Stat. Ann. § 12.110. Thus, any cause of action arising from Unverzagt's actions in 2016 are time barred.

12.     Accordingly, pursuant to Oregon law, no colorable claim exists against Unverzagt, making her joinder as a non-diverse defendant fraudulent. Therefore, when ignoring her citizenship for diversity purposes, there is complete diversity among the parties pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(b) because Plaintiff is a citizen of Oregon and Numotion is a citizen of Delaware and Tennessee.

## THE AMOUNT IN CONTROVERSY

13.     In the Complaint, Plaintiff pleads an amount in controversy of $265,000. Complaint at Case Caption.

14.    It is, therefore, facially apparent from the Complaint that the requisite amount in controversy is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (holding that the "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" under the same "short and plain" standard applicable to pleading generally); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938) (holding that for removal purposes, the "sum claimed by the plaintiff controls if the claim is apparently made in good faith.").

<u>REMOVAL IS TIMELY AND PROPER</u>

15.    Pursuant to 28 U.S.C. §1446(b)(1), a notice of removal is to be filed within 30 days after the receipt by the defendant of a copy of the initial pleading.

16.    Defendant Numotion was served with a Summons and copy of the Complaint on July 9, 2019. Therefore, this Notice of Removal is timely pursuant to §§ 1446(b)(1) and 1446(b)(2)(B) because it is being filed within thirty days of receipt of the Summons and Complaint.

17.    This Court is the proper venue for removal because the United States District Court for the District of Oregon encompasses the geographic area of the Circuit Court of the State of Oregon for the County of Multnomah.

18.    Contemporaneous with this filing, a copy of the Notice of Removal, along with the Notice of Filing Notice of Removal,[1] will be filed with the clerk Circuit Court of the State of Oregon for the County of Multnomah and served upon counsel for all adverse parties pursuant to 28 U.S.C. § 1446(d). Accordingly, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, this action is properly removed to this Court.

---

[1]    An unsigned copy of the Notice of Filing Notice of Removal to be filed with the state court is attached as **Exhibit C**.

PAGE 5 – **DEFENDANT UNITED SEATING &**
        **MOBILITY, LLC D/B/A NUMOTION'S**
        **NOTICE OF REMOVAL**

19.    By filing this Notice of Removal, Numotion does not waive its right to assert any defenses or objections to which it is entitled, including but not limited to any challenge to personal jurisdiction or the right to have the case dismissed on any other basis.

20.    If any question arises as to the propriety of the removal of this action, Numotion requests the opportunity to brief the issues, to present oral argument in support of its position, and to obtain jurisdictional discovery if needed.

21.    Prior to filing this Notice of Removal, Numotion did not answer or otherwise plead in response to the Complaint in state court. Therefore, it will answer or present other defenses and objections in accordance with Federal Rule of Civil Procedure 81(c)(2)(C).

WHEREFORE, the Defendants request that this Court consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate orders to achieve the removal of this case from the Circuit Court of the State of Oregon for the County of Multnomah; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said Circuit Court.

Dated this 8th day of August, 2019.

SCHWABE, WILLIAMSON & WYATT, P.C.
By: s/ Anne M. Talcott
Anne M. Talcott, OSB #965325
Email: atalcott@schwabe.com
Kathryn E. Kelly, OSB #175162
Email: kkelly@schwabe.com
Facsimile: 503.796.2900

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of August, 2019, I served the foregoing

**DEFENDANT UNITED SEATING & MOBILITY, L.L.C., D/B/A NUMOTION'S**

**NOTICE OF REMOVAL** on the following parties at the following addresses:

Rachel F. O'Neal
O'Neal Law Firm, PC
8383 NE Sandy Blvd Ste 320-E
Portland, OR  97220
503-998-9855
503-200-1267 (Fax)

BY:

- ☐ Hand Delivery
- ☐ Facsimile
- ☒ U.S. Mail
- ☐ Overnight Courier
- ☐ Email
- ☒ Electronic Service
- ☒ Other: Courtesy Email

s/ Anne M. Talcott
Anne M. Talcott, OSB #965325

PAGE 7 – **CERTIFICATE OF SERVICE**